IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ANA M. ABREU-VELEZ,         *
M.D., Ph.D.,                *
                            *
       Plaintiff,           *
                            *
  v.                        *      CV 105-186
                            *
BOARD OF REGENTS OF THE     *
UNIVERSITY SYSTEM OF GEORGIA,*
that created and operates   *
the Medical College of      *
Georgia, MEDICAL COLLEGE    *
OF GEORGIA, and DENNIS      *
MARCUS, M.D., individually  *
and in his official capacity*
under color of law as former*
head of Department of       *
Ophthalmology of the Medical*
College of Georgia,         *
                            *
       Defendants.          *
```

## O R D E R

Before the Court is Plaintiff's Motion to Seal Case and to be Removed from the Justia and Other Websites. (Doc. no. 99.) Plaintiff requests the Court seal the current case and remove Plaintiff from Justia and other websites because Defendants have allegedly used this case to prevent her from getting a job over the past fifteen years. (Id.) Plaintiff's filing does not contain a certificate of service, as is required by Local Rule 5.1, showing her motion was served on defense

counsel. However, even if Plaintiff had included a certificate of service, there is no basis for sealing this case.

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." "[A] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). However, the parties' desire to seal court documents "'is immaterial' to the public right of access." Id. at 1247 (quoting Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)). In the absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Upon consideration of these guiding principles, Plaintiff fails to establish good cause to seal the entire case.

2

Plaintiff does not specify any information she claims to be sensitive or of a nature that would cause injury if publicly available. Additionally, the Court cannot order removal of case information from websites neither owned or operated by the Court or Defendants.

Accordingly, the Court **DENIES** Plaintiff's Motion to Seal Case and to be Removed from the Justia and Other Websites. (Doc. no. 99.)

**ORDER ENTERED** at Augusta, Georgia, this 12th day of March, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA